BARNES, as Assignee, etc., v. VETTERLEIN and others.

(District Court, S. D. New York.  December 30, 1882.)

BANKRUPTCY—FRAUDULENT ASSIGNMENT.

   Where a policy of insurance, obtained by a debtor on his own life, was as-
   signed to one of a firm consisting of four members, in trust, as security for a
   debt due to the firm, and two members of the firm subsequently retired, and
   the firm assets passed to the remaining members, one of whom was the trustee
   of the policy, and, the last-named firm having become embarrassed and pro-
   cured an extension of credit from their creditors, the trustee of the policy two
   months afterwards assigned the policy to his sons in trust for their mother
   without consideration, and six months afterwards made a general assignment,
   and shortly after was thrown into bankruptcy, held, that the assignment of
   the policy in trust for the mother must be deemed invalid as to creditors,
   and that the assignee in bankruptcy was entitled to the proceeds.

In Bankruptcy.

*James K. Hill,* for plaintiff.

*T. M. Tyng,* for Etna Ins. Co.

*B. E. Valentine,* for defendant Vetterlein.

BROWN, J.   This is an action to set aside a voluntary conveyance
or assignment made by Theodore H. Vetterlein, one of the bankrupts,
to Bernard T. Vetterlein, the other bankrupt, and to one Theodore J.
Vetterlien, in trust for the benefit of the wife and children of Theo-
dore H. Vetterlein.   Bernard T. Vetterlein and Theodore J. Vetter-
lein are both sons of Theodore H. Vetterlein.   The assignment is
dated the eighteenth day of July, 1870, and the petition under which
Theodore H. and Bernard T. Vetterlein were adjudged bankrupts
was filed December 28, 1870.   The assignment sought to be set aside
is of two policies of insurance on the life of one J. Kinsey Taylor for
the aggregate sum of $10,000, which had been assigned to Theodore
H. Vetterlein by Taylor, in trust for the firm of Vetterlein & Co., to
whom Taylor was indebted, and as collateral security for their claim.
In July, 1869, Mr. Meurer, one of the firm, withdrew from the firm of
Vetterlein & Co., and on December 31, 1869, Theodore J. Vetterlein
withdrew from the firm, and the business was continued by Theodore
H. Vetterlein and Bernard T. Vetterlien, in the same firm name, up to
the time of the bankruptcy proceedings.

   From all the evidence in the case I am satisfied that neither Mr.
Meurer nor Theodore J. Vetterlein had, at the time of the last assign-
ment of the policies, any valuable pecuniary interest in the assets of
the two former firms; and that the last firm, consisting of Theodore
H. and Bernhard T. Vetterlein, became legally vested with all the re-

maining assets of the prior firms, and thereby was entitled to the entire beneficial interest in the policies of insurance held by Theodore H. Vetterlein as collateral security for the debt of Taylor. The assignment of these policies of insurance by Theodore H. Vetterlein to his sons in trust for their mother, being the assignment of a collateral security held for a debt due to the firm, was clearly not made in the ordinary course of business, and, therefore, was presumptively fraudulent under section 5129 of the Revised Statutes.

In May, 1870, some two months before the assignment by Theodore H., the firm had applied to their creditors for an extension of credit. This of itself is a virtual admission of the strongest character of their inability at that time to pay their debts as they matured. In less than six months after the assignment of the policies of insurance, the firm made an assignment of all their assets to an assignee in trust for the payment of their debts. These assets were, shortly afterwards, turned over to the assignee in bankruptcy, who has been able to realize from them only the gross sum of $112,957, while the debts proved in bankruptcy amounted to $351,000. No losses of any considerable amount are proved between July, when the assignment of the policies was made, and the December following, when the general assignment and the bankruptcy took place. The defendants allege that there had been great loss and waste in the collection of the assets. It is not necessary to examine this charge in detail; for in no aspect can it be held to account for the large deficiency between the debts proved and the gross assets collected.

From these facts, as well as the extension of credit procured the May previous, I am compelled to find that the firm was at that time in embarrassed circumstances, and was probably actually insolvent. The transfer of the policies, which were the property of the firm, by Theodore H. to his two sons, in trust for the benefit of their mother and her children, was, under such circumstances, a wholly unauthorized and invalid transfer as against the creditors of the firm. *Sedgwick* v. *Place*, 12 Blatchf. 163. So far as it appears it was purely voluntary, and is fraudulent in law as against the firm creditors. It must, therefore, be declared null and void as against the assignee in bankruptcy, (*Platt* v. *Mead*, 9 FED. REP. 91, 96,) and the proceeds, which during the pendency of the suit have been deposited in the trust company, must be adjudged to belong to the plaintiff, and be accounted for in the bankruptcy proceedings.

A decree may be entered in accordance herewith.